IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr23-MHT |
| | ) | (WO) |
| ALBERTO TREJO | ) | |

OPINION

Defendant Alberto Trejo was before the court to be sentenced. Trejo pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Given Trejo's criminal-history category, the Sentencing Guidelines' imprisonment range for this crime was 360 months to life. Trejo moved for a downward variance, arguing that the guidelines for methamphetamine offenses create an unwarranted disparity in sentencing. Essentially, Trejo asked this court to vary downward based on a 'policy disagreement' with the Guidelines.

In United States v. Baez Perez, 515 F. App'x 866 (11th Cir. 2013), the defendant appealed on a similar

ground, arguing that the 10:1 punishment disparity between pure methamphetamine and mixture methamphetamine produced a substantively unreasonable sentence. The Eleventh Circuit Court of Appeals rejected the defendant's argument because he did not "point to any evidence that the disparity here is unwarranted." Id. at 868. The court also explained that the defendant "ha[d] not shown that the drug quantity table's 10:1 mixture-to-pure methamphetamine ratio has been subject to the kinds of criticism discussed in Kimbrough." Id. (citing Kimbrough v. United States, 552 U.S. 85 (2007), which upheld a district court's decision to grant a downward variance based on its finding that the 100:1 sentencing disparity between crack and powder cocaine was disproportionate and unjust).

Trejo did not present clear or sufficient evidence as to why the sentencing disparities produced by the methamphetamine guidelines are unwarranted as applied

2

to him.  Indeed, while his brief discussed an unjust disparity between the guidelines for methamphetamine offenses and violent offenses, as well as between pure methamphetamine and powder cocaine, at oral argument he suggested that the unwarranted disparity instead arose between pure and mixed methamphetamine.  Moreover, Trejo has not demonstrated how criticism of the guidelines based on policy disagreement now circulating in other courts applies to his case.  See, e.g., United States v. Hayes, 948 F. Supp. 2d 1009 (N.D. Iowa 2013) (Bennett, J.).  Therefore, because his arguments were conclusory and superficial, and not substantive, Trejo's motion for downward variance on policy grounds was denied.

DONE, this the 9th day of January, 2015.

                                       _/s/ Myron H. Thompson  
                                       **UNITED STATES DISTRICT JUDGE**